UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERMAN KEESE,<br><br>Defendant. | No. 2:12-cr-00080-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Herman Keese's ("Defendant") Motion to Correct his Sentence. (ECF No. 266.) The Government did not file an opposition. For the reasons set forth below, Defendant's motion is DENIED.

On August 25, 2016, Defendant pleaded guilty to two counts of the indictment. (ECF No. 214.) Count one charged conspiracy to distribute and possess with intent to distribute PCP and methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF No. 1 at 1.) Count two charged conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 1 at 2.) On March 30, 2017, this Court sentenced Defendant to 164 months of imprisonment on count one and 120 months of imprisonment on count two, to be served concurrently for a total term of 164 months. (ECF No. 248.) Defendant, proceeding *pro se*, filed the instant motion to correct his sentence, purportedly under Federal Rule of Criminal Procedure 35(a) ("Rule 35(a)") on April 16, 2019. (ECF No. 266.)

Rule 35(a) states, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As an initial matter, Defendant's motion is untimely under Rule 35(a)'s 14-day deadline because Defendant filed his motion over two years after the Court entered its final judgment and sentence. (ECF No. 248.)

Moreover, Defendant fails to point out any "arithmetical, technical, or other clear error" that would trigger Rule 35(a). Rather, Defendant makes four substantive arguments: (1) the Court failed to properly assess the quantity of narcotics attributable to each co-conspirator; (2) Defendant's counsel was ineffective for failing to alert the Court to Amendment 484 of the United States Sentencing Guidelines; (3) the Court's drug quantity determination exposed him to an increased mandatory minimum sentence and increased maximum sentence; and (4) the Court failed to ask the certain questions when accepting Defendant's guilty plea. (*See* ECF No. 266 at 19–20.) Because Defendant essentially argues that his sentence was "imposed in violation of the . . . laws of the United States, or . . . in excess of the maximum authorized by law," the Court elects to construe Defendant's motion to correct his sentence as one brought under 28 U.S.C. § 2255 ("§ 2255") rather than Rule 35(a).

However, even as a § 2255 motion, Defendant's motion is time-barred because § 2255 establishes a one-year limitations period. *See* U.S.C. 28 § 2255(f). As already discussed, Defendant filed his motion well over a year after his judgment of conviction became final. Although Defendant provides some generic language about equitable tolling, nothing in the record suggests that "extraordinary circumstances" beyond Defendant's control made it impossible to file his motion within the limitations period and caused his untimeliness. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Therefore, the Court's rejects Defendant's equitable tolling argument and finds that his motion is time-barred.

For the foregoing reasons, Defendant's motion is hereby DENIED. (ECF No. 266.)

IT IS SO ORDERED.

Dated: December 18, 2019

Troy L. Nunley
United States District Judge