UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERMAN KEESE,<br><br>Defendant. | No. 2:12-cr-00080-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Herman Keese's ("Defendant") Motions for Release Pursuant to 18 U.S.C. § 3582(C)(1)(A). (ECF Nos. 268, 278.) The Government filed an opposition. (ECF No. 282.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motions.

///
///
///
///
///
///
///
///

1

### I.     Factual and Procedural Background

On August 25, 2016, Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute PCP and methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count Two).  (ECF No. 214.)  On March 30, 2017, the Court sentenced Defendant to a 164-month term of imprisonment followed by a 60-month term of supervised release.  (ECF No. 245.)  Defendant is currently serving his sentence at Fort Dix Federal Correctional Institution ("FCI").  He has served approximately 101 months of his 164-month sentence of imprisonment and his projected release date is October 30, 2023.

On March 3, 2020, Defendant filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and 34 U.S.C. § 60541, in which he seeks release as an eligible elderly offender.[1]  (ECF No. 268.)  Defendant subsequently retained counsel and filed a supplemental motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 278.)  In his supplemental motion, Defendant requests the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic.  Defendant is 60 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions, including hypertension, hyperlipidemia, prediabetes, and a high body mass index ("BMI") of 27.6.  Defendant cites the conditions of his confinement at Fort Dix FCI as an additional factor in his vulnerability.  In opposition, the Government argues the Court should deny Defendant's motion because he fails to demonstrate there are extraordinary and compelling reasons for release, he is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a time served sentence.

---

[1]     Even if Defendant did qualify as an eligible elderly offender subject to 34 U.S.C. § 60541, this statute merely grants the Attorney General discretion to release eligible elderly offenders based on a consideration of multiple factors.  *See id.* § 60541(g)(1)(B).  The Bureau of Prisons ("BOP") denied Defendant's request because Defendant does not meet the age criteria set forth in the BOP's Program Statement 5050.50, which sets the minimum age for eligibility at 65.  (ECF No. 268 at 7–9.)  Defendant fails to fully develop the arguments set forth in his original motion, and the Government does not respond.  Based on the record before it, the Court agrees that Defendant is not entitled to a sentence reduction based on his age.  Therefore, the Court only addresses the arguments in Defendant's supplemental motion hereinafter.  (ECF No. 278.)

**II.    ANALYSIS**

    A.    Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on April 29, 2020. Because more than 30 days have elapsed since April 29, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

    B.    Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

///

1    Defendant's medical records — filed under seal — indicate he suffers from
2 hyperlipidemia, essential (primary) hypertension, prediabetes, and has a BMI of 27.  Arguably
3 none of Defendant's medical conditions constitute high-risk factors for COVID-19.  The Centers
4 for Disease Control and Prevention ("CDC") has identified pulmonary hypertension, Type 2
5 diabetes, and obesity (defined as a BMI greater than 30) as high-risk factors for COVID-19.  *See*
6 *generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with
7 Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
8 precautions/people-with-medical-conditions.html (last visited October 2, 2020).  Unlike the
9 known risks associated with pulmonary hypertension, the CDC states primary hypertension *may*
10 increase an individual's risk of severe illness from COVID-19.  *Id.*  But the CDC adds that an
11 individual with hypertension can lower his or her risk by taking medications as prescribed.  *Id.*
12 Defendant's medical records indicate he is currently taking Amlodipine for his hypertension.
13 Further, Defendant's BMI is 27, which is below the CDC's obesity threshold of 30.  Finally,
14 neither prediabetes nor hyperlipidemia is listed as a risk factor.  *Id.*  It also bears mentioning that
15 the BOP currently reports only three active inmate cases of COVID-19 at Fort Dix FCI.

16    Based on this record, the Court concludes Defendant is neither terminally ill nor subject to
17 a serious or unrecoverable condition that substantially diminishes his ability to provide self-care
18 within a BOP facility.  U.S.S.G. § 1B1.13.  As such, there are no extraordinary and compelling
19 reasons for his release.  Even if Defendant could satisfy the extraordinary and compelling
20 requirement, however, the Court would nonetheless deny Defendant's request for compassionate
21 release based on the danger Defendant poses to the community and the § 3553(a) factors for the
22 reasons set forth below.

23    C.    Danger to the Community

24    To be eligible for compassionate release, Defendant must also demonstrate he is "not a
25 danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  Here,
26 Defendant led and directed a large-scale, nationwide drug trafficking and money laundering
27 operation from April 2007 to March 2012.  More specifically, Defendant trafficked large amounts
28 of methamphetamine, PCP, and firearms, and he laundered between $2 million and $3 million

dollars from the operation.  Defendant summarily asserts that he does not pose a danger because he is 60 years old, but his bald assertion — without more — is unpersuasive.  Not only is drug trafficking activity inherently dangerous, but Defendant's crimes also involved the possession and distribution of firearms.  Therefore, Defendant fails to demonstrate he is not a continuing danger to the community.

### D. § 3553(a) Factors

In addition, the Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Defendant's applicable guidelines range at sentencing was 324–405 months in prison on Count One and 240 months in prison on Count Two.  Because Defendant entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the parties agreed to a much lower guidelines range of 120–188 months.  After considering the § 3553(a) factors, the Court ultimately sentenced Defendant to 164 months in prison.

Defendant now seeks to reduce his sentence to time served despite having served only approximately 101 months of his sentence.  In other words, Defendant is seeking a reduction from a well-supported, 164-month sentence to a considerably lower 101-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears Fort Dix FCI has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 164-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motions for Release. (ECF Nos. 268, 278.)

IT IS SO ORDERED.

DATED:  October 8, 2020

Troy L. Nunley
United States District Judge