UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HERMAN KEESE,<br><br>Defendant. | No. 2:12-cr-00080-TLN<br><br><br><br>**ORDER** |

     This matter is before the Court on Defendant Herman Keese's ("Defendant") Motion for Reconsideration of the Denial of his Motion for Compassionate Release.  (ECF No. 284.)  The Government has not filed an opposition.  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2016, Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute PCP and methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) (Count Two).  (ECF No. 214.)  On March 30, 2017, the Court sentenced Defendant to a 164-month term of imprisonment followed by a 60-month term of supervised release.  (ECF No. 245.)  Defendant is currently serving his sentence at Fort Dix Federal Correctional Institution ("FCI").  He has served approximately 103 months of his 164-month sentence of imprisonment and his projected release date is October 30, 2023.

On March 3, 2020, Defendant filed a *pro se* motion for compassionate release.  (ECF No. 268.)  Defendant subsequently retained counsel and filed a supplemental motion for compassionate release.  (ECF No. 278.)  In his supplemental motion, Defendant requested the Court reduce his term of imprisonment to time served with a period of home confinement due to the COVID-19 pandemic.  Defendant is 60 years old and claimed he is at an elevated risk for severe complications from COVID-19 because he suffers from multiple medical conditions.  Defendant cited the conditions of his confinement as an additional factor in his vulnerability.

On October 8, 2020, the Court denied Defendant's motions.  (ECF No. 283.)  The Court found: (1) Defendant had not shown extraordinary and compelling reasons for his release; (2) Defendant poses a continuing danger to the community; and (3) the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (*See id.*)  On November 30, 2020, Defendant filed the instant *pro se* motion, which the Court construes as a motion for reconsideration.  (ECF No. 284.)

### II. STANDARD OF LAW

"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions." *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i), a party filing a motion for

reconsideration of a criminal order must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 430.1(i); *see also United States v. Braswell*, No. 118-CR-00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

### III. ANALYSIS

In moving the Court to reconsider its denial of compassionate release, Defendant seems to challenge the Court's finding that he poses a danger to the community. More specifically, Defendant argues that he has never trafficked firearms and can prove it through evidence. (ECF No. 284.) It is true that the Court denied Defendant's motion for compassionate release in part because he possessed and distributed firearms and thus poses a danger to the community — and there is ample evidence in the record to support that conclusion. (*See* ECF No. 283 at 4–5.) However, even if the Court ignored Defendant's history with firearms, the outcome would be the same. The Court also denied compassionate release because (1) Defendant failed to meet his burden to show extraordinary and compelling reasons for release and (2) the § 3553(a) factors do not support a time served sentence. Defendant does not challenge those additional findings, and either finding provides independent grounds to deny compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13(2).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration. (ECF No. 284.)

IT IS SO ORDERED.

DATED: December 17, 2020

Troy L. Nunley
United States District Judge